IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>v.<br><br>LOYD JOHNSTON,<br><br>               Defendant. | MEMORANDUM DECISION and ORDER OVERRULING OBJECTION TO PORTIONS OF MAGISTRATE JUDGE'S ORDER<br><br>Case No. 2:11-cr-501-DN-PMW<br><br>District Judge David Nuffer |

Defendant Loyd Johnston filed an objection[1] to portions of Magistrate Judge Paul M. Warner's Order regarding release conditions and discovery.[2] Specifically Johnston objects to (1) allowing the government to produce the memoranda of interviews (MOIs) within thirty days after the final deposition is taken in the FTC case and (2) the denial of Johnston's motion to amend the condition of release forbidding the criminal defendants to have contact with one another. When considering objections to the magistrate judge's order regarding discovery, the district judge will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[3] When considering the release conditions,[4] the district judge makes a de novo review, without deference to the decision of the magistrate judge.[5]

---

[1] Objection to Portions of Magistrate's Order Filed July 11, 2013 and Motion to Amend Conditions of Release, (Motion), docket no. 307, filed July 24, 2013.

[2] Order, docket no. 302, filed July 11, 2013.

[3] Fed. R.Civ. P. 72(a); *see also* 28 U.S.C. § 636 (b)(1)(A).

[4] 18 U.S.C. § 3145.

[5] *U.S. v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) ("The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo." (citing *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir.1992) ("When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release."))).

**Production of MOIs**

Johnston argues that the government must immediately produce the MOIs because it agreed to produce the MOIs within thirty days of filing the superseding indictment at a status hearing in July 2012.[6] At the time of the July 2012 hearing, Johnston was not a named defendant in this case. After the superseding indictment was issued naming Johnston as a co-defendant,[7] Judge Warner held another status conference addressing the production of MOIs in June 2013.[8] At that hearing,

> the court stayed the previously ordered production of the memoranda of interviews ("MOIs") . . . until August 8, 2013. The court also noted that if the motion to stay pending in the FTC Case was ruled upon prior to that date, the court would address the production of the MOIs at that time.[9]

Because the Nevada court denied the motion to stay in the FTC case, Judge Warner ruled on the government's motion to reconsider[10] his earlier ruling that required production of the MOIs within thirty days of the superseding indictment.[11] Persuaded by the arguments in the government's brief, Judge Warner granted the motion and ordered the government to "produce the MOIs within thirty (30) days after the final deposition is taken in the FTC Case."[12]

Johnston objects to this ruling arguing that "[t]he governing law requires the Government to honor its obligations when it agrees to produce MOIs earlier than the law would otherwise

---

[6] *See* Minute Entry for Status Conference, docket no. 164, filed July 19, 2012.

[7] *See* Superseding Indictment, docket no. 211, filed March 6, 2013 (naming Loyd Johnston as a co-defendant).

[8] *See* Minute Entry for Status Conference, docket no. 293, filed June 13, 2013.

[9] Order at 2, docket no. 302. *See also* Minute Entry, docket no. 293.

[10] Government's Motion to Reconsider Ruling, docket no. 242, filed April 6, 2013.

[11] Order at 2, docket no. 302.

[12] *Id.*

2

require."[13]  In support, Johnston cites *United States v. Mavrokordatos*,[14] where the prosecutor agreed to produce Jencks Act[15] reports five days before trial, an earlier disclosure deadline than the Act required.  Defendant Mavrokordatos filed a motion to compel six days before trial asserting that he had not received some reports.  Based on defendant's motion, "[t]he trial court ordered that six government witnesses would not be permitted to testify because their statements or reports were produced to defense counsel after the discovery deadline."[16]  The government appealed the ruling and the Tenth Circuit set aside the sanctions imposed by the trial court finding that they were an abuse of discretion.[17]  The Tenth Circuit found that "[a]ll the reports and statements were made available or delivered to defendant's attorney.  The only defect was that two reports were late."[18]  The court also found that there was no indication of bad faith by the government and "no substantial complaint by the defendant that there was any prejudice by reason of the delay in the formal reports."[19]

As in the *Mavrokordatos* case, the prosecutor here also agreed to produce the reports at an early date – within thirty days of the superseding indictment.  However, the filing of the superseding indictment significantly changed the dynamics of the case by adding numerous additional charges and five co-defendants.  When this happened, the government sought leave of court to amend the deadline to produce the MOIs – something that was not done in the *Mavrokordatos* case.  After a hearing and briefing on the issue, Judge Warner first stayed the

---

[13] Memorandum in Support of Objection to Portions of Magistrate's Order Filed July 11, 2013 and Motion to Amend Conditions of Release (Memo in Support) at 2, docket no. 308, filed July 24, 2013.

[14] 933 F.2d 843, 845-47 (10th Cir. 1991).

[15] 18 U.S.C. § 3500.

[16] *Mavrokordatos*, 933 F.3d at 845.

[17] *Id.* at 848.

[18] *Id.* at 847.

[19] *Id.* at 848.

MOI production deadline until the Nevada court entered a ruling on the motion to stay the parallel FTC civil case. When the Nevada court did not stay the civil FTC case, Judge Warner revisited the government's motion to reconsider the court's earlier ruling on the production date for the MOIs. Finding the government's arguments that changed circumstances supported resetting a date to produce the MOIs,[20] Judge Warner ordered the government to provide the MOIs within thirty days of the final deposition in the civil FTC case. Here, unlike the *Mavrokordatos* case, the government filed a motion to reconsider the previously set deadline, which the court granted and set a new MOI deadline. Because Judge Warner's ruling on this issue is not clearly erroneous or contrary to law, Defendant Johnston's objection is overruled.

**Co-Defendants No Contact Condition of Release**

Johnston objects to the pretrial release condition 7(d) which prohibits contact between the co-defendants in this case. Johnston seeks to have this condition eliminated because in

> the parallel civil proceedings, Johnston and his codefendants have important constitutional and statutory rights to associate, communicate, and assemble to petition the Government for redress of grievances, see United States Constitution, Amendment I, and to represent themselves in federal court in the Federal Trade Commission case, see 28 U.S.C.A. § 1654. Their ability to confer with each other and join together strengthens their voice in protesting government wrongs, and in challenging and confronting the Government's cases and agendas in the parallel proceedings. Roberts v. United States Jaycees, 468 U.S. 609, 681, 622 (1984) (recognizing that the Constitution protects the right to associate in exercising other First Amendment rights, such as the rights to "speech, assembly, [and] petition for the redress of grievances," as these joint relationships strengthen and protect the individual First Amendment rights.).[21]

This argument does not challenge the factual basis for the condition and does not specify any particular need that Johnston or his co-defendants have to communicate. The court is unable to find and has not been presented with any authority suggesting that the general principles relied

---

[20] *See* Government's Motion to Reconsider Ruling, docket no. 242.

[21] Memo in Support at 5.

4

on apply to a pretrial release condition. Further, Johnston concedes that 28 U.S.C. § 3142 (c)(1)(B)(iv) and (v) "expressly recognize this Court's authority to limit a defendant's associations and to require a defendant to avoid any contact with potential witnesses."[22] A release condition that prohibits contact between co-defendants is justified by history in this case regarding such contact and the court's careful attempt to manage the issues.[23] Johnston's objection is overruled.

## ORDER

IT IS HEREBY ORDERED that Johnson's objection to portions of the magistrate judge's order is OVERRULED.

Signed August 7, 2013.

BY THE COURT

_____
District Judge David Nuffer

---

[22] *Id.*

[23] Minute Entry, July 28, 2011, docket no. 30; Minute Entry, June 15, 2012, docket no. 157; Minute Entry, July 19, 2012, docket no. 164; Minute Entry, docket no. 196, February 1, 2013; Order, docket no. 206, filed February 22, 2013;