# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **JEREMY DAVID JOHNSON, et al.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:11-cr-501-DN-PMW <br><br> **Chief District Judge David Nuffer** <br><br> Magistrate Judge Paul M. Warner |

Chief District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Loyd Johnston's ("Defendant") motion to compel immediate production of discovery from the United States of America ("Government").[2]

## RELEVANT BACKGROUND

Previously, the Federal Trade Commission ("FTC") conducted an investigation of several individuals, including Defendant. Based on that investigation, the FTC filed a civil suit in the District of Nevada against multiple individuals, including Defendant, in December 2010 ("FTC Case").

According to the Government, after learning of the FTC Case, the Government initiated an investigation to determine if any of the defendants in the FTC Case had committed violations

---

[1] *See* docket no. 136.

[2] *See* docket no. 412.

of federal criminal law. Following that investigation, on June 15, 2011, the Government filed a one-count indictment in the instant case against Jeremy David Johnson and iWorks.[3] Later, on March 6, 2013, a superseding indictment was filed against the original defendants, as well as several other individuals, including Defendant.[4] A second superseding indictment was filed on December 5, 2013, but that second superseding indictment made only minor corrections to the first superseding indictment and did not change the substance of the first superseding indictment.[5]

## ANALYSIS

In his motion, Defendant requests production of three categories of information. First, Defendant requests that the Government immediately disclose all *Brady* material. *See Brady v. Maryland*, 373 U.S. 83 (1963). Second, Defendant requests that the Government produce any oral, written, or recorded statements of Defendant and any written documents containing the substance of any of Defendant's oral statements. Finally, Defendant requests that the Government produce all information and communications of any kind shared between the FTC and its agents and the Government and its agents with regard to the instant case or the FTC Case. The court will address those categories in turn.

### I. *Brady* Material

As noted above, Defendant requests that the Government immediately produce all *Brady* materials in its possession. Pursuant to *Brady*, the Government is required to disclose all

---

[3] *See* docket no. 2.

[4] *See* docket no. 211.

[5] *See* docket no. 341.

evidence to Defendant that is favorable to Defendant's case. *See id*. at 87. That disclosure requirement imposes a duty on the Government "to learn of any favorable evidence known to the others acting on the [G]overnment's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). As such, and as admitted by the Government, information or evidence in possession of the FTC is within the Government's knowledge for purposes of *Brady*. *See id*. However, as noted by the Government, if Defendant could have obtained exculpatory evidence using reasonable diligence in a civil, administrative, or parallel proceeding, or by other means, the Government will not be held responsible for failing to provide the same evidence during discovery in the criminal case. *See United States v. Kimoto*, 588 F.3d 464, 492-93 (7th Cir. 2009); *United States v. Boyd*, 833 F. Supp. 1277, 1354 (N.D. Ill. 1993), *aff'd*, 55 F.3d 239 (7th Cir. 1995).

In this case, the Government has made repeated representations in open court that it has produced all *Brady* materials in its possession to Defendant and that it will continue to supplement that production if it receives additional *Brady* materials. The court believes those assertions were made in good faith and, absent any evidence to the contrary, accepts them as true.

Although not explicitly stated in this portion of Defendant's motion, it appears that Defendant also believes that the Government should produce any information from the FTC Case that could be considered *Brady* material in the criminal case. It is undisputed that Defendant is a party to the FTC Case and, as such, has had access to the discovery in that case. As noted above, if Defendant can obtain any *Brady* material in the FTC Case through reasonable diligence, the Government has no obligation to produce them to Defendant in the criminal case.

*See Kimoto*, 588 F.3d 464 at 492-93; *Boyd*, 833 F. Supp. at 1354. That is precisely the situation presented here. Given that he is a party to and has access to discovery in the FTC Case, Defendant can easily obtain any potential *Brady* material through the exercise of reasonable diligence in that case.

For those reasons, this portion of Defendant's motion is denied.

## II. Defendant's Statements

In this portion of his motion, Defendant requests that the Government immediately produce the substance of any statements made by Defendant during the criminal investigation in this case, including recordings or notes of such statements, pursuant to *Brady* and rule 16(a)(1)(A)-(B) of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 16(a)(1)(A)-(B). Defendant also appears to request that the Government immediately produce the substance of any statements made by Defendant during the investigation in the FTC Case, including recordings or notes of such statements, pursuant to the same authorities.

In response, the Government contends that it has produced all statements made by Defendant pursuant to formal discovery disclosures in this case. The Government points to its production of Memoranda of Interviews ("MOIs") that memorialized the interviews of Defendant conducted by Internal Revenue Service agents in the investigation in this case. The Government also notes that there are no recordings of any of Defendant's interviews in this case. With respect to any of Defendant's statements made in the FTC Case, the Government asserts that it has no record of any such statements.

The court concludes that the Government's production of the MOIs is sufficient to fulfill its duties, at this time, with respect to Defendant's statements under *Brady* and rule 16(a)(1)(A)-

(B). As for Defendant's request for immediate disclosure of recordings or notes of any of Defendant's statements, the court concludes that said request is premature. While the court encourages the Government to produce any such recordings or notes, to the extent they exist, at the earliest possible time, the court cannot require the Government to immediately disclose that information. *See, e.g.*, *Browning v. Trammell*, 717 F.3d 1092, 1105 (10th Cir. 2013) (providing that *Brady* material need only be disclosed soon enough to give the defendant an opportunity to use it at trial effectively).

With respect to any of Defendant's statements made in the FTC Case, the court concludes that the Government is not required to disclose those statements under *Brady* and rule 16(a)(1)(A)-(B). As noted above, given that Defendant is a party to and has access to discovery in the FTC Case, Defendant can easily obtain any of the statements he made in that case through the exercise of reasonable diligence. *See Kimoto*, 588 F.3d 464 at 492-93; *Boyd*, 833 F. Supp. at 1354.

For these reasons, this portion of Defendant's motion is denied.

### III. Communications and Information Shared Between the FTC and the Government

In the final portion of his motion, Defendant requests that the Government produce all information and communications of any kind shared between the FTC and its agents and the Government and its agents with regard to the instant case or the FTC Case. Defendant contends that the information and communications are required to be disclosed under *Brady* because they may be relevant to any pretrial motions to dismiss or motions to suppress based on Constitutional grounds. With respect to the potential Constitutional grounds for any such motions, Defendant

5

argues that the concurrent investigations taking place in the FTC Case and this case raise Fifth Amendment Due Process issues.

Courts have recognized that concurrent civil and criminal investigations can raise Fifth Amendment due process issues. *See, e.g.*, *United States v. Kordel*, 397 U.S. 1, 11-12 (1970); *United States v. Stringer*, 521 F.3d 1189, 1195-96 (9th Cir. 2008). However, as noted in *Stringer*, "[t]he Supreme Court has held that the [G]overnment may conduct parallel civil and criminal investigations without violating the due process clause, so long as it does not act in bad faith." *Stringer*, 521 F.3d at 1195 (citing *Kordel*, 397 U.S. at 11).

In response to Defendant's argument, the Government maintains that there has been no such showing of bad faith concerning its actions in this case and the FTC case. In support of that argument, the Government has submitted the sworn declarations of two agents indicating that there has not been any request or direction from the Government to the attorneys prosecuting the FTC Case to obtain any evidence or conduct any investigation for purposes of pursuing the investigation in this case.

The court agrees with the Government's argument and accepts in good faith the assertions of contained in the sworn affidavits of the above-referenced agents. Defendant's arguments about any potential bad faith on behalf of the Government in conducting the parallel civil and criminal proceedings are speculative and conclusory in nature. Put simply, Defendant has not pointed to any conduct any conduct on behalf of the Government that would demonstrate such bad faith. Without such a showing, the court is unwilling to grant Defendant's request for all information and communications of any kind shared between the FTC and its agents and the

Government and its agents with regard to the instant case or the FTC Case.  Accordingly, this portion of Defendant's motion is denied.

## CONCLUSION AND ORDER

Based on the foregoing, Defendant's motion to compel immediate production of discovery from the Government[6] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 22nd day of January, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[6] *See* docket no. 412.