IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>LOYD JOHNSTON,<br><br>Defendant. | MEMORANDUM DECISION and ORDER OVERRULING DEFENDANT JOHNSTON'S OBJECTION TO MAGISTRATE JUDGE'S ORDER<br><br>Case No. 2:11-CR-501-DN-PMW<br><br>District Judge David Nuffer |

Defendant Loyd Johnston filed an objection[1] to Magistrate Judge Paul M. Warner's Order[2] denying Johnston's motion to compel.[3] Specifically Johnston objects to (1) denial of immediate production of generic *Brady* material from the civil Federal Trade Commission (FTC) case; (2) denying immediate production of Johnston's own statements in the civil FTC case; and (3) denial of immediate production of "all communication and information shared between the government in the parallel criminal and civil investigations."[4] Johnston raises his objection under Federal Rule of Criminal Procedure 59(a), which requires that "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Because Judge Warner's order is not contrary to law or clearly erroneous, Johnston's objection is overruled and the order is affirmed.

---

[1] Objection to Magistrate Judge's Memorandum Decision and Order of January 22, 2015 (Objection), docket no. 468, filed Feb. 1, 2015.

[2] Memorandum Decision and Order (Order), docket no. 456, filed Jan. 22, 2015.

[3] Motion to Compel Immediate Production of Discovery (Motion to Compel), docket no. 412, filed Sept. 3, 2014.

[4] Objection at 6.

**DISCUSSION**

In his motion to compel, it appeared that Johnston sought to compel production of three categories of material: (1) a general request for *Brady*[5] material;[6] (2) Johnston's oral, written or recorded statements and/or any written documents containing the substance of any of Johnston's oral statements;[7] and (3) "[a]ll information and communications of any kind shared between the FTC and its agents and the prosecution and its agents with regard to this case or the related civil suit."[8] Judge Warner's order addressed each of the three categories. In his objection, Johnston now asserts that his argument under *Brady* was not a generic request but specifically directed to the third category (listed above) of information he was seeking "between the FTC and its agents and the prosecution and its agents with regard to this case or the related civil suit."[9]

**1. Generic *Brady* Request**

The first portion of the magistrate judge's order addresses production of generic *Brady* material.[10] Johnston's objection to this first portion of the order is that his motion to compel was not a generic *Brady* request, but a request for communications between the FTC and the criminal prosecutors. As to the magistrate judge's analysis regarding production of generic *Brady* material, Johnston concedes that the order follows "valid law."[11] Accordingly, this portion of the decision is not contrary to law or clearly erroneous.

---

[5] *Brady v. Maryland*, 373 U.S. 83 (1963).

[6] Motion to Compel at 2-4.

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] Objection at 3.

[10] Order at 2-4.

[11] Objection at 4.

## 2. Johnston's Statements

Johnston objects to the magistrate judge's denial of his request that the prosecution immediately produce any of Johnston's own statements in this criminal case or the civil FTC case pursuant to Rule 16(a)(1)(A)-(B) of the Federal Rules of Criminal Procedure. The United States has already disclosed Memoranda of Interviews (MOIs) relating to interviews between the defendant and government agents, and has therefore compiled with Rule 16 in providing the substance of any statements.[12] As to any statements Johnston made in the FTC case, "the Government asserts that it has no record of any such statements."[13]

Because Johnston requested the materials under either Rule 16 or *Brady*,[14] the magistrate judge correctly concluded that the request for immediate disclosure of recordings or notes of any of Defendant's statements was premature. *Brady* material does not require immediate disclosure, but must only be disclosed in enough time for defendant to use it effectively at trial.[15]

The United States further argues "that the notes at issue, if they in fact exist, are not the statement of the defendant, but rather the statement of the agents taking the notes. They are not a verbatim record of what the defendant said, but rather the agent's summary and impression."[16] Based on this argument, the United States asserts that any such notes would not be covered by

---

[12] Order at 4.

[13] *Id.*; *see also* Response to Defendant Loyd Johnston's Objection to Magistrate Judge's Memorandum Decision and Order of January 22nd, 2015 (Response) at 5 n.1, docket no. 480, filed Feb. 20, 2015 ("Based on a review of the record, it appears that the defendant was deposed in the civil matter in August, 2013. Additionally, it appears that the defendant answered interrogatories in the FTC matter at some unknown date (see Defendant's Reply in Support of Motion to Compel (Doc. 436) at 3, 5, and Exhibits 1 and 2). The undersigned is not aware if the government obtained transcripts of the depositions, and could not locate in discovery the undated interrogatories cited and attached by the defendant. Regardless, as a party to the civil matter, the defendant has access to these materials which is superior to that of the prosecution, and clearly in fact has the statements themselves. A valid demand for discovery cannot be based allegations that the government has failed to disclose materials the defendant already has and knows he has.").

[14] Motion to Compel at 5.

[15] Order at 5.

[16] Response at 5 (noting that the prosecutor had "not reviewed the files to determine if the agents in fact took notes during the interviews of the defendant.").

Rule 16, but would fall under the *Jencks* Act, 18 U.S.C. § 3500, and implemented by Federal Rule of Criminal Procedure 26.2.  Thus, under Rules 16, 26.2 and Section 3500, these notes are protected from early disclosure and need not be disclosed at all if the agent does not testify at trial.

Accordingly, Johnston does not have the right to immediate disclosure of this material and the magistrate judge's order denying this portion of the motion to compel was not contrary to law or clearly erroneous.

### 3. Communications and Information Shared Between the FTC and Prosecution

Johnston's final objection is that the magistrate judge improperly denied the request for the immediate production of any information shared between the FTC and prosecution regarding the criminal case or the civil FTC case. Johnston claims the requested material is relevant to pretrial motions based on Constitutional grounds because simultaneously proceeding on both the civil and criminal cases raises Fifth Amendment due process issues.[17] Johnston argues that this discovery is required because "the FTC and criminal prosecution teams have been sharing information" and because Johnston "has alluded" that civil discovery procedures "appear designed" to assist in the criminal case.[18]

Johnston failed to cite any support for the allegations to which he "alludes" or show any relationship between the civil discovery process and the criminal charges. The United States also points out that it "sought a stay of the civil case discovery pending the resolution of the criminal case, which [Johnston] opposed."[19]

---

[17] Motion to Compel at 6.

[18] Objection at 7.

[19] Response at 8.

Further, Johnston cites to *United States v. Armstrong*[20] in support of his argument that this discovery should be provided to allow Johnston to pursue defenses to any due process violations. Yet in *Armstrong* the Supreme Court held that Rule 16 discovery was not available for a defendant to develop a defense to perceived due process violations, and "conclude[d] that in the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief."[21] Because Johnston's allusions to due process violations in conducting parallel civil and criminal proceedings are not a defense to the actual criminal charges, Rule 16 discovery is not available.

The magistrate judge correctly rejected Johnston's arguments as "speculative and conclusory in nature" without any showing of bad faith by the United States.[22]

## ORDER

IT IS HEREBY ORDERED that Johnston's objections are OVERRULED, and the magistrate judge's order is AFFIRMED.

Signed April 10, 2015.

BY THE COURT

District Judge David Nuffer

---

[20] 517 U.S. 456 (1996).

[21] *Id*. at 462.

[22] Order at 6.